# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2022

Lyle W. Cayce
Clerk

No. 21-40382

AGGIE INVESTMENTS, L.L.C.,

*Plaintiff—Appellant*,

*versus*

CONTINENTAL CASUALTY COMPANY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-13

ON PETITION FOR REHEARING

Before STEWART, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:*

IT IS ORDERED that the petition for rehearing is DENIED. The prior opinion in this case, filed January 6, 2022, is WITHDRAWN, and the following opinion is SUBSTITUTED:

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

\*     \*     \*

Appellant Aggie Investments, L.L.C. owns and operates a tea and spice gift shop in McKinney, Texas. Like many businesses, Aggie Investments suffered a loss in revenue during the COVID-19 pandemic when Texas civil authorities placed limitations on the operations of nonessential businesses. Aggie Investments then sought coverage from its commercial property insurance policy which covers losses "caused by direct physical loss of or damage to property at the described premises." The insurer, Appellee Continental Casualty Co., denied the claim and in response, Aggie Investments sued. The district court dismissed Aggie Investments' claim because Aggie Investments did not allege a direct physical loss of property—which the district court defined as a tangible alteration to property. Because we agree "physical loss of property" means a tangible alteration or deprivation of property, we AFFIRM.

## I. BACKGROUND

Continental sold a commercial property insurance policy to Aggie Investments. The policy provides coverage for the loss of business income in the Business Income and Extra Expense (BI/EE) endorsement. That provision states:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

"Period of restoration" means the period of time beginning with the date of the loss or damage and ending when the property at the described premises is repaired, rebuilt, or replaced, or when business resumes at a new location.

No. 21-40382

In March 2020, the COVID-19 pandemic caused authorities to issue orders to address the ongoing threat from the virus. The city of McKinney issued a shelter-in-place order. The city was also subject to an executive order from the Governor which limited capacity for in-store retail services to 25%. Aggie Investments complied with the orders, closed its shop, and suffered a reduction in sales and loss of business income.

Aggie Investments submitted a claim for coverage under the BI/EE provision. Continental denied the claim. Aggie Investments sued Continental for breach of contract in state court in Collins County, Texas. Continental then removed the case to the Eastern District of Texas. Aggie Investments filed an amended complaint and Continental moved to dismiss. The district court granted the motion because Aggie Investments failed to allege a tangible alteration to its commercial property. Aggie Investments timely appeals.

## II. DISCUSSION

A "direct physical loss of property" as stated in the BI/EE provision requires a tangible alteration or deprivation of property. Aggie Investments, having failed to allege such a loss, is thus not covered by the policy. We conclude the district court properly granted Continental's motion to dismiss.

A district court's order granting a motion to dismiss is reviewed de novo. *See IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020). We accept the well-pleaded facts as true and determine whether the plaintiff has stated a claim that is plausible on its face. *See id.* In a case where the plaintiff seeks insurance coverage, if the insurance policy "precludes recovery under its very terms, dismissal is proper." *Id.* (citation omitted).

In *Terry Black's Barbecue, L.L.C. v. State Automobile Mutual Insurance Co.*, we held that, under Texas law, a "direct physical loss of property" in a similar commercial property policy means a tangible alteration or deprivation

of property. *See* No. 21-50078, slip op. at 11 (5th Cir. Jan. 5, 2022). Like in that case, Aggie Investments has not alleged a covered loss because it only complains of loss of revenue due to the closing of its shop. Throughout the pandemic, moreover, Aggie Investments had ownership of and access to its property even if it could not open its shop for normal business operations.

Because Aggie Investments was required to close its business entirely, it attempts to distinguish its case from *Terry Black's* where the restaurants were only prevented from providing dine-in services. This distinction, however, makes no difference.  Whether a business is directed to cease one kind of service or all of its services, that order is not a tangible alteration or deprivation *of property*. Nothing tangible happened to Aggie Investments' property. It is therefore not entitled to coverage.

Aggie Investments also argues "direct physical loss of property" can reasonably be interpreted to cover a "loss of use of property." Aggie Investments thus asserts the BI/EE provision is ambiguous and we must adopt its interpretation. We, however, explicitly rejected this argument in *Terry Black's Barbecue* and here, conclude Aggie Investments' proffered interpretation is unreasonable.

Before adopting one interpretation of an insurance contract over another, the court must first determine there is more than one reasonable interpretation of the policy language, i.e., that it is ambiguous. *See RSUI Indemnity Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015) ("[I]f both constructions present reasonable interpretations of the policy's language, we must conclude that the policy is ambiguous." (citations omitted)). The language is only ambiguous "if, after applying the rules of construction, it remains subject to two or more *reasonable* interpretations." *Id.* at 119 (emphasis added) (internal quotation marks and citation omitted).

No. 21-40382

Physical loss of property cannot reasonably be interpreted to mean loss of use for several reasons. Initially, that interpretation would render the adjective "physical" meaningless. By including "physical," the policy necessarily contemplates a loss that is nonphysical (and thus excluded). *See U.S. Metals, Inc. v. Liberty Mut. Grp., Inc.*, 490 S.W.3d 20, 24 (Tex. 2015). A loss of use, as Aggie Investments states, would not necessarily be a physical (or tangible) loss. "Loss of use" is also at odds with the BI/EE provision's "period of restoration." The period of restoration contemplates the loss suffered to require a period of time for "rebuilding, repair, or replacement." Because Aggie Investments' interpretation would cover a loss that does not require rebuilding, repair, or replacement, its interpretation gives no meaning to the provision's "period of restoration." And finally, we note the policy uses the phrase "loss of use" in its exclusion for consequential losses which shows the policy contemplates a distinction between "loss of property" and "loss of use." As a result, we find no ambiguity in the BI/EE provision's "direct physical loss of property."[1]

## III. CONCLUSION

In sum, we conclude the BI/EE provision's "direct physical loss of property" unambiguously requires a tangible alteration or deprivation of property. Because Aggie Investments only alleges that civil authority orders limited its business operations without any tangible alteration or deprivation of its property, its losses do not qualify for coverage under the BI/EE provision.

We accordingly AFFIRM.

---

[1] We also deny Aggie Investments' motion to certify the question to the Texas Supreme Court.